## In Re Anonymous No. 20 D.B. 81

Disciplinary Board Docket No. 20 D.B. 81.

To The Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

HELWIG, *Member,* July 9, 1985—Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-capitioned petition for discipline.

## I. SUMMARY OF THE CASE

The petition for discipline against respondent in this matter arises out of charges of mail fraud brought against him in the United States District Court for the [   ] District of Pennsylvania which resulted from an investigation in [   ] Pennsylvania of allegations that lawyers were involved in getting doctors to submit false or exaggerated claims to insurance companies to effect larger monetary settlements or recoveries for clients in personal injury cases. On January 28, 1981, respondent was convicted in federal court of the charges which had been brought against him.[1] His conviction was upheld on appeal and review by the United States Supreme Court denied. Following his conviction, respondent was sentenced to one year and one day imprisonment and fined $14,000, together with court costs. On March 12, 1984, respondent was incarcerated at the federal prison at [   ] for a period of six months. Following his release from [   ], respondent spent a period of two months in a community treatment center. On November 11, 1984, respondent was granted parole by the regional parole office, which parole continued until March 11, 1985. Respondent has fully complied with all of the provisions of the sentence imposed upon him as a result of his federal conviction, including the payment of the fine and costs.

As a result of the federal charges and respondent's conviction in federal court, disciplinary proceedings were initiated, charging respondent with the following violations:

---

1. The Pennsylvania Supreme Court, on April 8, 1981 entered an order pursuant to Rule 214(a) suspending respondent from the practice of law.

(a) Disciplinary Rule 1-102(A)(3) — dealing with illegal conduct involving moral turpitude;

(b) Disciplinary Rule 1-102(A)(4) — dealing with conduct involving dishonesty, fraud, deceit or misrepresentation; and

(c) Disciplinary Rule 1-102(A)(6) — dealing with conduct adversely reflecting upon a lawyer's fitness to practice law.

Also involved is the fact that respondent's conviction of criminal charges in the United States District Court constitutes an independent basis for discipline pursuant to Rule 203(b)(1) Pa.R.D.E.

After the hearing in January 1985, hearing committee [ ] filed a report recommending that respondent be suspended from the practice of law within the Commonwealth of Pennsylvania for a period of five years, retroactive to April 8, 1981, the date of the order of the Supreme Court of Pennsylvania suspending respondent from practicing law. After review, and for reasons more fully set forth below, the board concurs in the findings and conclusions of the hearing committee, but recommends that respondent be suspended for a period of four years retroactive to April 8, 1981.

## II. DISCUSSION

At the hearing, respondent conceded that because of his conviction, he would offer no testimony disputing the occurrence of the events resulting in his conviction or question the fact that these were violations of Disciplinary Rules as charged and that his conviction in federal court constituted an appropriate basis for discipline. The evidence offered by respondent at the hearing was directed to matters relevant to the nature and extent of discipline which should be imposed. It dealt impressively with respondent's history of good conduct in other matters

than those which led to his conviction. The evidence produced by respondent showed that, apart from the one serious violation of his professional responsibilities, respondent had conducted himself as a lawyer and as a citizen in a most admirable manner. Respondent's personal testimony also disclosed his awareness of the seriousness of the matters which led to his conviction and his recognition of his obligation to avoid any improper conduct in the future.

The Office of Disciplinary Counsel stipulated that respondent had no record of any disciplinary proceedings other than the present one either before or subsequent to the matters involved.

After reviewing the records, the board agrees with the hearing committee that the matters involved in respondent's conviction were serious matters and justify the disciplinary charges brought against respondent. However, the board feels that the appropriate discipline would be a four-year suspension, retroactive to April 8, 1981, the date the Supreme Court suspended respondent following his conviction. Despite the seriousness of the misconduct involved in this matter, the board is impressed with the fact that respondent had no record of any involvement in any other misconduct; that his record of community activity both before and after his conviction has been impressive; and that respondent has demonstrated true contriteness and an appreciation of the need to adhere to the proper rules of conduct in the future. The board is also impressed with the importance, not only to respondent but to the members of his family, of providing respondent with a reasonable opportunity to put this matter behind him and to seek readmission to practive before this court. The board decision was also influenced — but not dominated — by the fact that a number of

other lawyers in [   ] Pennsylvania who faced similar charges as a result of the mail fraud investigation were acquited or had such charges dismissed because of misconduct of federal investigators in the course of the investigation, with the result that respondent is the only allegedly involved lawyer who has suffered imprisonment and discipline as a result of the pattern of mail fraud which had been uncovered.

## III.   RECOMMENDATION

For the foregoing reasons, the board respectfully recommends that your honorable court suspend respondent for a period of four years computed from April 8, 1981 and that costs of these proceedings be paid by respondent.

Prof. Keck and Mr. McDonald did not participate in the adjudication.

## ORDER

NIX, C. J., and now, this August 2, 1985, upon consideration of the recommendation of the Disciplinary Board dated July 9, 1985, it is ordered that [respondent] be and is suspended from the Bar of the Commonwealth for a period of four years commencing April 8, 1981, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Hutchinson and Mr. Justice Papadakos dissent and would issue a rule to show cause why respondent should not be disbarred.